IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YELA FIDUCIARY SERVICES, LLC,
personal representative for the Estate of
Alyssa Marie Sund, Deceased; and EMERY
SUND, an individual,

        Plaintiffs,

        v.

BENTON COUNTY, an Oregon county;
LANCE LOBERG, M.D.; JON SOBOTKA,
M.D.; NICOLE KELLEY; SCOTT JACKSON;
DIANA RABAGO; EVAN MOHR; MELISSA
WERDELL; MATTHEW BLACKSHEAR;
CALLIE DUGGAR; ETHAN GARRISON;
JONATHAN HERRICK; DOREE JOHNSON;
PAUL LANCASTER; NICHOLAS MILLER;
TANNER SPARKS; THOMAS WHITE;
individuals; and JOHN DOES 1-9,

        Defendants.

_____

Civ. No. 6:20-cv-01925-MK

ORDER

MCSHANE, Judge:

        Magistrate Judge Mustafa Kasubhai filed a Findings and Recommendation, (ECF No. 170), and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). All parties filed objections. Accordingly, the Court reviewed the file of this case *de novo*.

1 – ORDER

*See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court finds no error and concludes the report is correct. Genuine issues of material fact exist. Notably, the parties dispute whether Defendants provided Ms. Sund constitutionally inadequate medical care.[1] Plaintiffs presented evidence that, viewed in a light most favorable to the nonmoving party, could lead a reasonable jury to find Defendants were deliberately indifferent to Ms. Sund's serious medical need caused by alprazolam withdrawal.

Defendant Nicole Kelley reviewed Ms. Sund's medical screening form, which noted Ms. Sund's use of alprazolam and history of experiencing seizures from missed doses of the medication. Mechling Decl. Ex. 14, at 19–20, ECF No.131-1. When Defendant Kelley left for vacation, she knew Ms. Sund still did not have access to alprazolam. *Id*. at 30–32. The Jail does not have a replacement nurse when Defendant Kelley is on vacation. Mechling Decl. Ex. 19, at 7–8. Defendant Kelley then failed to follow up with deputies during her absence to confirm Ms. Sund received her medication. Plaintiffs submitted expert evidence that Defendant Kelley's actions, based on her knowledge of Ms. Sund's circumstances, amounted to reckless disregard for Ms. Sund's health. Pearson Decl. ¶¶ 7–10, ECF No. 129.

Defendant Lance Loberg examined Ms. Sund's medical file. Mechling Decl. Ex. 19, at 15. It is a question for the jury whether Defendant Loberg read Ms. Sund's screening form during his review of her file. Plaintiffs submitted expert evidence that could lead a reasonable jury to conclude that Defendant Loberg's failure to ensure Ms. Sund received alprazolam or was

---

[1] Plaintiffs dismissed Dr. Jon Sobotka as a Defendant. *See* ECF No. 67.

2 –ORDER

monitored for withdrawal symptoms was deliberate indifference. Kim Decl. ¶ 4(b), ECF No. 127.

Plaintiffs also presented evidence that could lead a jury to find Defendant Deputies were each deliberately indifferent to Ms. Sund's serious risk of alprazolam withdrawal.[2] Nurse Kelley trains newly hired deputies on how to recognize symptoms of withdrawal, including vomiting, nausea, and muscle aches. Mechling Decl. Ex. 14, at 10; Ex. 32, at 102. The training instructs deputies to take vital signs and provide Pepto-Bismol as necessary to detainees experiencing these symptoms. Mechling Decl. Ex. 32, at 102. A reasonable jury could find that Ms. Sund exhibited serious signs of withdrawal. Ms. Sund vomited "constantly" during her detainment. Mechling Decl. Audio Ex. 13F. Even if some Defendant Deputies did not directly observe Ms. Sund vomit, the Jail is small enough that vomiting noise from a cell can be heard throughout the facility. *Id.* at 13A, 13E. Magistrate Judge Kasubhai comprehensively identified how Plaintiffs offered evidence showing that Defendant Deputies were individually aware of some combination of Ms. Sund's frequent vomiting, lack of access to her medications, muscle aches, and nausea.[3] Despite their knowledge and training, Defendant Deputies did not take Ms. Sund's vitals or alert medical professionals about her symptoms. Plaintiffs provided expert evidence opining that Defendant Deputies, based on varying levels of awareness, were recklessly indifferent to Ms. Sund's serious medical need. Kim Decl. ¶ 6; Stanley Decl. ¶ 6, ECF No. 130.

---

[2] The Court uses "Defendant Deputies" to refer to sergeants Evan Mohr and Melissa Werdell, as well as deputies Matthew Blackshear, Callie Dugger, Ethan Garrison, Jonathan Herrick, Doree Johnson, Paul Lancaster, Nicholas Miller, Tanner Sparks, and Thomas White.

[3] The Court stresses that at this stage, it views the evidence in the light most favorable to Plaintiffs. Defendants dispute how much knowledge the individual Defendants had regarding Ms. Sund's symptoms and condition. Additionally, Defendants dispute Plaintiffs' theory on the cause of Ms. Sund's death. While Defendants may present evidence on these topics to the jury, the Court must view the evidence in the light most favorable to Plaintiffs.

Qualified immunity does not shield Defendants here. To determine whether qualified immunity is applicable, the Court must consider: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, show defendant's conduct violated a constitutional right; and (2) whether that constitutional right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). As Magistrate Judge Kasubhai correctly concluded, the record could support a finding that Defendants violated Ms. Sund's constitutional right to adequate medical treatment. And preexisting law clearly establishes that a government official violates the Constitution when they fail to provide sufficient medical care to a detained person. *San Diego Cnty v. Sandoval*, 985 F.3d 657, 679 (9th Cir. 2021).

Magistrate Judge Kasubhai's Findings and Recommendation (ECF No. 170) is ADOPTED. Defendant Kelley's Motions for Summary Judgment (ECF No. 114) is DENIED. County Defendants' Motion for Summary Judgment (ECF No. 112) is GRANTED with respect to (1) Plaintiffs' § 1983 supervisory liability subclaims against Dr. Lance Loberg, Scott Jackson, and Diana Rabago; and (2) Plaintiffs' *Monell* subclaims against Benton County regarding inadequate training and hiring. Pls.' Compl. ¶¶ 171, 176(b)–(f), ECF No. 1. County Defendants' Motion for Summary Judgment (ECF No. 112) is DENIED with respect to the remaining claims.

With respect to Plaintiffs' motions for sanctions (ECF No. 136), the trial judge will deal with evidentiary issues regarding the scope of testimony surrounding the missing text(s) at the Pretrial Conference. The Court adopts the F&R with respect to the findings that the lack of any indication of bad faith indicates an adverse inference instruction is not warranted.

/ / / /

/ / / /

/ / / /

4 – ORDER

The parties are granted 30 days to consider whether to consent to trial before Magistrate Judge Kasubhai. In the absence of full consent, Judge McShane's courtroom deputy will contact the parties to obtain dates for a late 2023 or early 2024 trial in Eugene, Oregon.

IT IS SO ORDERED.

DATED this 28th day of July, 2023.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

5 – ORDER